IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| SHAW INDUSTRIES GROUP, INC., a Georgia Corporation, and COLUMBIA INSURANCE COMPANY, a Nebraska Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) ) | Civil Action File No. _____ |
| CARLISLE WIDE PLANK FLOORS INC. a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, CYBERSQUATTING and TRADEMARK DILUTION**

Plaintiffs, SHAW INDUSTRIES GROUP, INC., and COLUMBIA INSURANCE COMPANY (hereinafter "Shaw" or "Columbia or "Plaintiffs") for its Complaint against Defendant, CARLISLE WIDE PLANK FLOORS INC., (hereinafter "Defendant"), states as follows:

**NATURE OF THE ACTION**

1. In this action, Plaintiffs seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, deceptive trade practices, cybersquatting, and trademark dilution. This action arises under the Lanham Act,

Title 15, United States Code § 1051, *et seq.*, and the statutes and common laws of the State of Georgia.

## PARTIES

2. Shaw is a corporation duly organized and existing under the laws of the State of Georgia, located at 616 East Walnut Ave., Dalton, Georgia 30722.

3. Columbia Insurance Company is a Nebraska corporation with its principal place of business at 3024 Harney Street, Omaha, Nebraska, 68131-3580.

4. Plaintiffs are related companies owned by the same corporate parent, both being wholly owned subsidiaries of Berkshire Hathaway, Inc., and Plaintiffs have a sufficient common interest in the issues in this proceeding.

5. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, located at 1676 Route 9, Stoddard, NH 03464.

6. Upon information and belief, Defendant is conducting business in the State of Georgia within this judicial district and division.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims and causes of action asserted in this Complaint under: i) 28 U.S.C. § 1331, as this matter involves federal question; ii) 28 U.S.C. § 1338 and 15 U.S.C. § 1051, *et seq.*, as

this matter arises under the Lanham Act; and iii) 28 U.S.C. § 1367, as this matter invokes supplemental jurisdiction related to the claims under the statutes and common law of the State of Georgia.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), as a substantial portion of the events giving rise to the controversy occurred and are occurring in this judicial district and division.

## FACTS COMMON татоALL COUNTS

9. Shaw is a leader in the carpet, rug, and flooring industry throughout the United States and worldwide.

10. Shaw manufactures numerous carpeting, flooring, and carpet and nylon fiber products and owns, or is using under license, various trademarks, federal registrations and pending applications for its carpeting and flooring products in the United States and worldwide.

11. Columbia owns, and Shaw is using under license, the mark EPIC, Reg. No. 3,469,556, for "engineered wood flooring" ("EPIC Mark"). A copy of the U.S. trademark registration for the EPIC Mark is attached hereto as Exhibit A.

12. Shaw has been using the EPIC trademark in commerce since at least as early as 2006.

13. The registration for the EPIC Mark, Reg. No. 3,469,556, is now

incontestable. The EPIC trademark has become famous and distinctive in connection with Shaw's products.

14. Shaw has made a significant investment in advertising and promoting its products under the EPIC Mark. As a result, Shaw has acquired extremely valuable goodwill in association with the EPIC Mark over time.

### Defendant's Infringing Acts

15. Upon information and belief, Defendant manufactures and offers flooring and flooring products for sale in interstate commerce (hereinafter "Defendant's Services"). *See* Exhibit B.

16. Upon information and belief, notwithstanding Plaintiffs' well-established rights in and to the EPIC Mark and with constructive and/or actual knowledge of same, Defendant commenced use, within the State of Georgia and in interstate commerce, of the trademark EPIC ("Infringing Mark") in connection with the manufacture and/or sale of flooring.

17. Defendant's use of the Infringing Mark is virtually identical and/or confusingly similar to Shaw's EPIC Mark.

18. The products Shaw sells under the EPIC Mark and the product Defendant offers under the Infringing Mark are identical and/or virtually identical.

19. The classes of consumers who purchase products from Shaw and

Defendant are identical and/or virtually identical.

20. Defendant adopted the Infringing Mark without the express or implied consent of Plaintiffs.

21. Upon information and belief, Defendant adopted the Infringing Mark with the intent to trade on and/or capitalize on the goodwill symbolized by Shaw's EPIC Mark.

22. On June 18, 2014, Plaintiffs sent a cease and desist letter to Defendant requesting that they stop the infringing activity. A copy of the cease and desist letter is attached as Exhibit C. Despite being sent this cease and desist letter, Defendant has not complied with Plaintiffs' request.

23. Upon information and belief, in direct violation of Shaw's rights in and to the EPIC Mark, Defendant has used and continues to use the Infringing Mark in interstate commerce in connection with Defendant's product(s), despite Plaintiffs' consistent and ongoing objection to same.

## COUNT I

### Violation of Section 32(1) of the Lanham Act – Trademark Infringement

24. The allegations of Paragraphs 1 through 23 are hereby incorporated in this claim for relief as if fully set forth herein.

25. Defendant's use of the Infringing Mark is likely to cause public confusion, mistake or deception as to the origin or source of Defendant's products,

in violation of the Lanham Act, Section 32(1), 15 U.S.C. § 1114(1).

26. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so.

27. Plaintiffs have no adequate remedy at law.

28. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

29. Upon information and belief, Defendant's acts herein constitute willful infringement.

## COUNT II

### Violation of Section 43(a) of the Lanham Act – Unfair Competition

30. The allegations of Paragraphs 1 through 29 are hereby incorporated in this claim for relief as if fully set forth herein.

31. Defendant's use of the Infringing Mark constitutes a false designation of origin, a false or misleading description of fact or a false or misleading representation of fact which is likely to cause confusion, mistake or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

32. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so.

33. Plaintiffs have no adequate remedy at law.

34. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT III

## Violation of Section 43(c) of The Lanham Act – Trademark Dilution as to the EPIC Trademark

35. The allegations of Paragraphs 1 through 34 are hereby incorporated in this claim for relief as if fully set forth herein.

36. Based on the inherent and/or acquired distinctiveness of the EPIC Mark; the duration and extent of Shaw's use of the EPIC Mark; the duration and extent of advertising featuring the EPIC Mark; the geographic area in which Shaw has sold and advertised goods featuring the EPIC Mark; the nature of the trade channels Shaw uses to market goods featuring the EPIC Mark compared to the channels through which Defendant offers its products under the Infringing Mark; the degree of public recognition of the EPIC Mark; and Shaw's federal registration for the EPIC Mark, the EPIC Mark has become famous as contemplated by Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

37. The aforesaid willful and deliberate acts of Defendant, all occurring after the EPIC Mark became famous, have caused and continue to cause dilution and/or are likely to cause dilution of the famous EPIC Mark and thus constitute

trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Unless Defendant is enjoined from engaging in this wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

38. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## COUNT IV

### Dilution under Georgia's Anti-Dilution Statute, O.C.G.A. § 10-1-451(b)

39. The allegations of Paragraphs 1 through 38 are hereby incorporated in this claim for relief as if fully set forth herein.

40. Shaw's EPIC Mark is inherently distinctive for use in connection with its products.

41. The aforesaid willful and deliberate acts of Defendant have caused and continue to cause dilution and/or are likely to cause dilution of the distinctive quality of Shaw's EPIC Mark and thus constitutes trademark dilution in violation of Georgia's anti-dilution statute, O.C.G.A. § 10-1-451(b). Unless Defendant is enjoined from engaging in this wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

42. Plaintiffs have suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## COUNT V

### Deceptive Trade Practices in Violation of O.C.G.A. § 10-1-373

43. The allegations of Paragraphs 1 through 42 are hereby incorporated in this claim for relief as if fully set forth herein.

44. Defendant's use of the Infringing Mark is likely to cause public confusion, mistake or deception as to the origin or source of Defendant's products and constitutes deceptive trade practices in violation of O.C.G.A. § 10-1-373.

45. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so.

46. Plaintiffs have no adequate remedy at law.

47. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT VI

### Unfair Competition in Violation of O.C.G.A. § 23-2-55

48. The allegations of Paragraphs 1 through 47 are hereby incorporated in this claim for relief as if fully set forth herein.

49. Defendant's use of the Infringing Mark commenced with constructive and/or actual knowledge of Shaw's rights in and to the EPIC Mark and constitutes a false designation of origin, a false or misleading description of fact or a false or misleading representation of fact which is likely to cause confusion, mistake or deception in violation of O.C.G.A. § 23-2-55.

50. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so.

51. Plaintiffs have no adequate remedy at law.

52. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT VII

### Common Law Unfair Competition

53. The allegations of Paragraphs 1 through 52 are hereby incorporated in this claim for relief as if fully set forth herein.

54. Defendant's use of the Infringing Mark commenced with constructive and/or actual knowledge of Shaw's rights in and to the EPIC Mark and constitutes a false designation of origin, a false or misleading description of fact or a false or misleading representation of fact which is likely to cause confusion, mistake or deception in violation of common law.

55. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so.

56. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT VIII

### Federal Anti-cybersquatting Consumer Protection Act Violations

57. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 56 as if fully set forth herein.

58. Defendant's acts as complained of herein constitute a violation of the Federal Anticybersquatting and Consumer Protection Act, 15 U.S.C. § 1125(d).

59. Defendant registered, own and continue to use the infringing domain name www.epicwoodfloors.com despite actual and/or constructive knowledge of Plaintiffs' rights in and to the EPIC Mark.

60. Prior to registration of the domain name www.epicwoodfloors.com, the EPIC Mark had become famous and distinctive.

61. The infringing domain name is identical and/or confusingly similar to the EPIC Mark.

62. Defendant registered, own and continue to use the infringing domain name www.epicwoodfloors.com with a bad faith intent to profit from and/or trade

off of the goodwill associated with Shaw's EPIC Mark.

63. These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Plaintiffs, for which Plaintiffs has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant and grant the following relief:

a. Preliminarily and permanently enjoin Defendant as well as its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with Defendant, from use of the Infringing Mark or any other colorable imitation of any EPIC formative trademark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiffs such that confusion is likely;

b. Find Defendant liable for infringement of Plaintiffs' EPIC Mark and for the acts of unfair competition and trademark dilution under the Lanham Act;

c.  Find Defendant liable for trademark infringement, dilution, and deceptive trade practices under Georgia Code, O.C.G.A. §§ 10-1-451(b), 10-1-373, 23-2-55;

d.  Find Defendant liable for unfair competition under common law;

e.  Order an award to Plaintiffs of all actual damages and an accounting of any gains, profits and advantages derived by Defendant resulting from the infringing acts complained of herein;

f.  Order an award of three times the amount of Plaintiffs' damages or Defendant's profits, whichever is greater;

g.  Order an award to Plaintiffs of all pre-judgment and post-judgment interest to the extent allowed by law;

h.  Award Plaintiffs all of its costs, disbursements and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117; and

i.  Award Plaintiffs other such relief; in law or in equity, as this Court deems appropriate.

Plaintiffs hereby demand trial by jury on all issues.

\* \* \*

This certifies that the foregoing pleading was prepared in Times New Roman 14-point font in accordance with this Court's local rules.

Respectfully submitted this 21st day of August, 2014.

        **SHAW INDUSTRIES GROUP, INC. and COLUMBIA INSURANCE COMPANY**

*/s/ A. Franklin Beacham III*
A. Franklin Beacham III
Ga. Bar No. 043743
BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP
P.O. Box 5007
Rome, Georgia, 30161
Phone: 706-291-8853
fbeacham@brinson-askew.com


*/s/ Kevin J. McDevitt*
Kevin J. McDevitt, Esq.
Lisa A. Iverson, Esq.
NEAL & MCDEVITT, LLC
1776 Ash Street
Northfield, Illinois 60093
Tel.: 847.441.9100
Fax: 847.441.0911
E-Mail:  kmcdevitt@nealmcdevitt.com
E-Mail:  lisa.iverson@nealmcdevitt.com
(to be admitted *pro hac vice*)